Ruffin, C. J.
 

 It is obvious, that it was material to the defendant to establish, upon the trial, a bargain for the slave for a valuable consideration paid or secured, as there was no conveyance by deed and no delivery. For although a consideration was acknowledged in the bill of’ sale, yet that was hot conclusive, as the instrument was itself but a parol contract, and it was open to the plaintiff to show that the consideration had not been given. It was moreover, very material to the defendant’s case in another point of view. ’ A principal point in contest was the capacity of the father t® contract, and it would be no lignt evidence on that point, that the bargain he made v/as for a fair price duly secured, and was discreet under all the circumstances, or that the conveyance was , obtained in
 
 the form of
 
 a fair sale, without really paying of securing a fair' price, or, ’ indeed, any price. The defendant,' therefore, undertook to go beyond his bill of sale, and prove the valuable consideration and the mode of its payment. The only question is, as to the mode of proving the consideration, which the defendant alleged on the trial he gave, namely, an undertaking by him to maintain his parents during their lives, secured by his obligation made and delivered’ at the time he got the bill of sale. Of coursej the obligation is the only legal' evidence of its contents, until it be proved to be destroyed, or to be in the'plaintiff’s possession, and notice given to him to produce it. It is said, indeed, that the plaintiff dispensed with its production by asking the witness a question, which enabled him to state the contents. But we cannot so regard what’ occurred. The very object of the plaintiff’s en-quiry was to shew, that the defendant’s undertaking to his father was in writing, in order that he might require its prodnc
 
 *438
 
 tion. He did not draw out the contents as evidence before the jury; for, at the time, he insisted, that the contents could not go before the jury. His questions were preliminary questions, and, in their nature, intended for the information of the eourt, in order to ascertain, whether the agreement, on which the defendant insisted, was in that form, which precluded oral testimony of it. If it were otherwise, the very objection, that an’ agreement is in writing, and therefore ought not to be proved but by the writing, would place the contents before the jury. As it was, the defendant got the benefit of his agreement with his father, without its production, and against the objection of the plaintiff; which, we think, was erroneous. Therefore the judgment must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam,- Judgment reversed and
 
 venire de novo.-